

CJ-18-1210
Prince

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

Dorian Newman, individually, and as Mother )
and next friend of ▆▆▆▆, a minor child, )
  )
　　　　　　　Plaintiffs, )　　　CJ-2018-1210
v. )　　　Case No.
  )
First Liberty Bank, )　　　JURY TRIAL DEMANDED
an Oklahoma Domestic Bank, )　　　ATTORNEY LIEN CLAIMED
  )
　　　　　　　Defendant. )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR - 2 2018

RICK WARREN
COURT CLERK

00_____

### PETITION

COME NOW the Plaintiffs and hereby plead their claims as follows:

### PARTIES

1. The Plaintiff, Dorian Newman ("Dorian"), is an adult resident of Oklahoma County, Oklahoma and the mother and next friend of ▆▆▆▆, a minor child, (collectively, "Plaintiffs").

2. Defendant, First Liberty Bank ("First Liberty"), is a domestic bank organized and existing under the laws of the State of Oklahoma.

### VENUE

3. Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein.

4. Plaintiffs' claims are based on gender (pregnancy) discrimination in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act ("OADA").

5. First Liberty, as an Oklahoma domestic bank, does business in Oklahoma County, Oklahoma, and its actions give rise to this action which occurred in Oklahoma County, Oklahoma, giving this Court both subject matter jurisdiction and venue.

### STATEMENT OF FACTS

6. Plaintiffs repeat and re-allege the previous paragraphs as if fully set forth herein.



7. First Liberty employed at least fifteen (15) employees for each working day in each of the twenty (20) or more calendar weeks in the current or proceeding calendar year. First Liberty is an employer as defined by Title VII. There is no minimum employee requirement to be subject to the provision of the OADA.

8. Dorian Newman began working for First Liberty as a bank teller, on or about July 21, 2015.

9. At all times during her employment with First Liberty, Dorian was qualified for her job, performed her job satisfactorily, and received satisfactory job performance evaluations.

10. First Liberty never disciplined Dorian at any time, prior to the time First Liberty terminated Dorian.

11. In early March 2016, Dorian notified First Liberty that she was pregnant.

12. On or about March 29, 2016, before 7:00 a.m., Dorian notified Donna Norwood ("Norwood"), Vice President of Operations for First Liberty, that she was not feeling well and could not report to work that day due to her pregnancy. Norwood told Dorian this was fine and Dorian should text Mike Freedman ("Freedman"), First Liberty's Teller Supervisor, the next day if she was still unable to work.

13. On March 30, 2016, Dorian sent a text to Freedman, stating that she was still not feeling well. Freedman acknowledged Dorian's text by responding "Okay".

14. On or about March 31, 2016, Dorian again contacted Norwood, stating she was still feeling unwell and was waiting for a report from her doctor. Norwood told Dorian that she would need to fax a doctor's statement to First Liberty before returning to work. Dorian confirmed with Norwood the fax number to which the doctor's statement was to be faxed to First Liberty.

15. On March 31, 2016, Dorian's Doctor advised her that she needed bed rest due to pregnancy, until April 8, 2016. Dorian asked her Doctor's Office to fax a statement to her employer, First Liberty, excusing her from work from March 29, 2016 to April 8, 2016. The Doctor's office confirmed they faxed the statement to First Liberty, on or after March 31, 2016.

16. On or about April 6, 2016 Dorian received a certified letter, dated April 5, 2016 from First Liberty, stating she had "voluntarily resigned" and abandoned her job, and First Liberty had immediately terminated Dorian's employment because she had been absent from work for 3 consecutive days, without notifying First Liberty. Sandra J. Bracken, Executive Vice President and Chief Financial Officer for First Liberty, signed the letter on First Liberty's behalf.

17. After First Liberty wrongfully terminated Dorian's employment, it also: (i) initially objected to Dorian's claim for unemployment benefits, and (ii) arbitrarily and without cause or notice, closed Dorian's financial account at First Liberty, thereby significantly adding to Dorian's stress.

18. As a direct and proximate cause and result of her wrongful termination of employment by First Liberty, Dorian suffered, and continues to suffer, wage loss (including back, present, and front pay along with the value of benefits associated with such wages), as well as emotional distress/dignitary harm damages.

19. As a further direct and proximate cause and result of Dorian's wrongful termination of employment by First Liberty, and the stress and/or fatigue it caused to both Dorian and her unborn daughter, ███████, Dorian prematurely gave birth by cesarean section to Hayden on September 14, 2016, at 33 weeks and 2 days gestation.

20. As a further direct and proximate cause and result of Dorian's wrongful termination of employment by First Liberty, and the stress and/or fatigue it caused to both

Dorian and her daughter, ███ suffered respiratory distress syndrome (RDS), and continues to suffer, other physical conditions related to her premature birth, including problems with eyesight.

21. As a further direct and proximate cause and result of Dorian's wrongful termination of employment by First Liberty, and the stress and fatigue her termination and complications from ███'s premature birth caused her, Dorian suffered, and continues to suffer, severe emotional distress, physical injury, pain, and lupus.

22. Damages caused by First Liberty to both Dorian and ███ as aforesaid, each exceed an amount in excess of the federal jurisdictional amount for diversity, pursuant to 28 U.S.C. § 1332.

23. Dorian has exhausted her administrative remedies by timely filing an Equal Employment Opportunity Commission ("EEOC") charge of discrimination on May 13, 2016. The EEOC issued Dorian her right to sue letter on December 5, 2017, and Dorian received such letter thereafter. This Petition is timely filed within ninety (90) days of Dorian's receipt of her right to sue letter from the EEOC.

24. First Liberty's discrimination on the basis of gender, including Dorian's pregnancy and upcoming maternity leave, violate Title VII of the Civil Rights Act of 1964 and the OADA.

25. Under both Title VII and the OADA, Dorian is entitled to her wage loss (including back, present, and front pay along with the value of benefits associated with such wage).

26. Under Title VII, Plaintiffs are entitled to emotional distress/dignitary harm damages and compensatory damages arising from First Liberty's wrongful acts.

27. Under the OADA, Dorian is entitled to liquidated damages equal to the amount of wage loss.

28. Because First Liberty's conduct was willful or, at the least, in reckless disregard of Plaintiffs' rights, Plaintiffs are both entitled to an award of punitive damages in a sum to be hereinafter determined, as set forth in 23 O.S. § 9.1.

### PRAYER

**WHEREFORE**, Plaintiffs request this Court enter judgment in their favor and against the Defendant, First Liberty Bank, and grant them all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount exceeding that required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 of the United States Code, as well as punitive damages in a sum to be hereinafter determined as set forth in 23 O.S. § 9.1.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF MARCH, 2018.**

Respectfully submitted,

Robert Lee Rainey, OBA #11967
RobRainey@OkcLaw.com
Direct: 405-753-1515
Patricia A. Kirch, OBA #13709
PatKirch@OkcLaw.com
Direct: 405-753-1523
Joseph C. Schubert, OBA #15468
JoeSchubert@OkcLaw.com
Direct: 405-753-1540

**Rainey Law, LLP**
1601 NW Expressway, Suite 600
Oklahoma City, OK 73118
Facsimile: (405) 753-1501

*Attorneys for Plaintiff*