## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DORIAN NEWMAN, individually, and as )
Mother and next friend of H.H., )
a minor child, )
                                 )
               Plaintiffs, )
                                 )
vs. )      Case No. CIV-18-570-M
                                 )
FIRST LIBERTY BANK, )
an Oklahoma Domestic Bank, )
                                 )
               Defendant. )

## ORDER

Before the Court is defendant's Partial Motion to Dismiss, filed June 18, 2018. On July 6, 2018, plaintiffs filed their response, and on July 13, 2018, defendant filed its reply.

I.     Introduction[1]

Plaintiff Dorian Newman ("Newman") began working for defendant First Liberty Bank ("First Liberty") as a bank teller, on or about July 21, 2015. In early March 2016, Newman notified First Liberty that she was pregnant. On or about March 29, 2016, Newman notified First Liberty that she was not feeling well and could not report to work that day due to her pregnancy. Newman was told that this was fine and that she should text her supervisor the next day if she was still unable to work. On March 30, 2016, Newman sent a text to her supervisor, stating that she was still not feeling well. On or about March 31, 2016, Newman again contacted First Liberty, stating that she was still feeling unwell and was waiting for a report from her doctor. Newman was advised that she would need to fax a doctor's statement to First Liberty before returning to work. On March 31, 2016, Newman's doctor advised her that she needed bed rest until April 8, 2016,

---

[1] The facts set forth in this Introduction are based on the facts alleged in plaintiffs' Petition.

due to her pregnancy. Newman's doctor's office faxed a statement to First Liberty, excusing her from work from March 29, 2016 to April 8, 2016. On or about April 6, 2016, Newman received a certified letter, dated April 5, 2016, from First Liberty, stating Newman had "voluntarily resigned" and abandoned her job, and First Liberty had immediately terminated her employment because she had been absent from work for 3 consecutive days without notifying First Liberty.

Newman further alleges that as a direct and proximate result of her wrongful termination, and the stress and/or fatigue it caused to both her and her unborn daughter, Newman prematurely gave birth by cesarean section to her daughter, H.H., on September 14, 2016. Newman further alleges that H.H. suffered respiratory distress syndrome and continues to suffer other physical conditions related to her premature birth, including problems with eyesight.

On March 2, 2018, plaintiffs filed the instant action, asserting claims for gender (pregnancy) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Oklahoma's Anti-Discrimination Act ("OADA"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), First Liberty now moves the Court for dismissal of all claims of H.H. against First Liberty and for dismissal of all state law causes of action seeking recovery for emotional distress damages and punitive damages based on allegations of wrongful termination.

II.     Motion to dismiss standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

> defendant has acted unlawfully.  Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of
> the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."

*Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id*. at

678 (internal quotations and citations omitted).  Finally, "[a] court reviewing the sufficiency of a

complaint presumes all of plaintiff's factual allegations are true and construes them in the light

most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.     Discussion

     A.     H.H.'s claims

First Liberty contends that H.H.'s claims should be dismissed because H.H. has no standing

to assert employment-based claims against First Liberty.  Plaintiffs, on the other hand, contend

that since the Pregnancy Discrimination Act must be read in its broadest possible terms, H.H. has

standing to assert a claim for related medical conditions caused by First Liberty's wrongful

termination of her mother.

Under Title VII, it is unlawful for an employer to "discharge any individual . . . because of

such individual's . . . sex . . . ."  42 U.S.C. § 2000e-2(a).  To establish standing to assert a claim of

discrimination under Title VII, a plaintiff must show that she falls within the "zone of interests"

sought to be protected by the statutory scheme.  *See Thompson v. N. Am. Stainless, LP*, 562 U.S.

170, 177-78 (2011). "[T]he purpose of Title VII is to protect **employees** from their employers' unlawful actions." *Id.* at 178 (emphasis added).

Because H.H. has never been an employee of Liberty Mutual, the Court finds that H.H. lacks standing to assert a discrimination claim under Title VII. Permitting H.H. to assert a discrimination claim against First Liberty does not accomplish the purpose of Title VII, which is to protect employees from their employers' unlawful actions. Accordingly, the Court finds that H.H.'s Title VII claim should be dismissed. Additionally, for the same reasons, the Court finds that H.H.'s OADA claim should also be dismissed.

B. State law claims seeking emotional distress damages and punitive damages

First Liberty asserts that plaintiffs' state law claims for emotional distress damages and punitive damages arising from Newman's wrongful termination fail because the OADA precludes recovery for these damages. Having reviewed plaintiffs' Petition, the Court finds that the only two claims that Newman has alleged in the Petition are employment discrimination claims under Title VII and the OADA.[2] Additionally, upon review of plaintiffs' Petition, the Court finds that Newman is not seeking emotional distress damages in relation to her OADA claim, but is only seeking emotional distress damages in relation to her Title VII claim. Thus, the Court finds that portion of First Liberty's motion to dismiss regarding state law claims for emotional distress damages is moot.

---

[2] In their response, plaintiffs request that they be permitted to amend their complaint "to assert any applicable common law tort claims which qualify under *Cunningham* [*v. Skilled Trade Servs., Inc.*, CIV-15-803-D (W.D. Okla. Oct. 23, 2015)]." Plaintiffs' Response and Objection to Defendant's Partial Motion to Dismiss, and Brief in Opposition [docket no. 6] at 11. In its reply, First Liberty asserts any amendment would be futile. Because it is unclear exactly what common law tort claims plaintiffs seek to include in an amended complaint, the Court declines to address whether plaintiffs should be granted leave to amend their Petition. If plaintiffs wish to amend their Petition, plaintiffs should file a motion for leave to amend, specifically setting forth the claims they are seeking to add.

Regarding Newman's request for punitive damages, the OADA provides, in pertinent part:

> If it is determined in such action that the defendant or defendants in such action have discriminated against the charging party as charged in the petition, the court may enjoin the defendant or defendants from engaging in such unlawful employment practice charged in the petition, the court may enjoin respondent from engaging in such unlawful practice and order such affirmative action as reinstatement or hiring of employees.  A prevailing aggrieved party shall also be entitled to backpay and an additional amount as liquidated damages. Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall operate to reduce the backpay otherwise allowable.  If an individual was refused employment or advancement, was suspended and/or was discharged for legitimate reasons other than discrimination as provided by this act, then no order of the court shall require the hiring, reinstatement or promotion of that individual as an employee, nor shall it order payment of any backpay.

Okla. Stat. tit. 25, § 1350 (G).  Additionally, the OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of . . . sex . . . ."  Okla. Stat. tit. 25, § 1101(A).  In light of the provisions set forth above, the Court finds that punitive damages are not available under the OADA and that Newman's request for punitive damages should be dismissed.  *See Gibson v. Mabrey Bank*, No. 14-CV-0770-CVE-FHM, 2015 WL 5098698, at *12 (N.D. Okla. Aug. 31, 2015) (finding punitive damages not available under OADA).

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS First Liberty's Motion to Dismiss [docket no. 4] and DISMISSES all claims of H.H. against First Liberty and Newman's request for punitive damages.

**IT IS SO ORDERED this 4ᵗʰ day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE